IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CALVIN MOORE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02537-TLP |
| v. ) | |
| ) | JURY DEMAND |
| POOLCORP/SCP DISTRIBUTION, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING MOTION
TO VACATE, MODIFY, OR CORRECT THE ARBITRATOR'S AWARD

Plaintiff sued Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e17, as amended. (ECF No. 1.)

Defendant then moved to stay this case pending arbitration. (ECF No. 15.) And the Court granted that motion. (ECF No. 19.)

With arbitration now finalized, Plaintiff now moves to vacate, modify, or correct the arbitrator's award in this case.[1] (*See* ECF No. 21; ECF No. 24.) Defendant has responded. (ECF No. 25.)

---

[1] Plaintiff sent the Court and counsel for Defendants an e-mail with the following subject: "MOTION TO VACATE: Calvin Moore v. PoolCorp SCP Distributors, Case No. 2:19-cv-02537." (*See* ECF No. 21; ECF No. 24.) Along with the e-mail were two documents, which the Court attached to an order entered on July 14, 2020: (1) a "notice of a motion to vacate, modify or correct an award" and (2) an executive order issued by Governor Bill Lee relating to the COVID-19 pandemic. (*See* ECF No. 21; ECF No. 22; ECF No. 24.) The Court construed Plaintiff's e-mail as a motion to vacate, modify, or correct the arbitrator's award in this case. (*See* ECF No. 24.)

For the reasons below, the Court **DENIES** Plaintiff's motion to vacate, modify, or correct the arbitrator's award.

## ANALYSIS

### A. Plaintiff's Motion Is Untimely

The Federal Arbitration Act ("FAA") provides that "[n]otice of a motion to vacate, modify, or correct an award *must* be served upon the adverse party or his attorney *within three months* after the award is filed or delivered." 9 U.S.C. § 12 (emphasis added).

Here, the arbitrator issued his decision in mid-March 2020. (ECF No. 25-1 at PageID 120.) And that decision was delivered to the parties on March 23, 2020. (ECF No. 25-2 at PageID 121.)

Under the FAA, therefore, Plaintiff had until June 23, at the latest, to ask to "vacate, modify, or correct" the arbitrator's award. 9 U.S.C. § 12. But he waited several days after then to do so.[2]

The Court thus **DENIES** Plaintiff's request for an extension of time because the FAA states in unequivocal language that, past the three-month mark, motions to vacate, modify, or correct an award are untimely.

### B. Plaintiff Has Not Shown Why the Court Should Vacate the Arbitration Award

Even if Plaintiff's motion was timely, he has failed to show why the Court should vacate the arbitration award.

---

[2] Plaintiff first notified the Court of his intention to move to vacate, modify, or correct the arbitrator's award when he responded to Defendant's motion to lift the stay currently in place in this case, to confirm the arbitration award, and to dismiss the case with prejudice. (ECF No. 19.) Plaintiff made that response by e-mail on June 29, 2020. (*See* ECF No. 20-1 at PageID 75.) Even though the email was not a proper motion, the Court chose to treat it as a motion and provided time for Defendant to respond. (ECF No. 24).

"Section 9 of the [FAA] is clear that confirmation is a summary proceeding and the court must confirm the award where the award is not vacated, modified or corrected . . . ." *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 676 (6th Cir. 2005) (citing 9 U.S.C. § 9). "[T]he standard for reviewing arbitration awards 'is one of the narrowest standards of judicial review in all of American jurisprudence.'" *Mich. Family Res., Inc. v. SEIU Local 517M*, 438 F.3d 653, 656 (6th Cir. 2006) (quoting *Tenn. Valley Auth. v. Tenn. Valley Trades & Labor Council*, 184 F.3d 510, 514–15 (6th Cir. 1999)).

"A court's review of an Arbitrator's decision is 'strikingly deferential,' and courts review 'only to determine whether the Arbitrator was arguably construing or applying the contract and acting within the scope of his authority.'" *Braganza Assocs., P.C. v. Houck*, No. 10-00049, 2011 WL 4565466, at *1 (W.D. Tenn. Sept. 29, 2011) (quoting *Bixby Med. Ctr., Inc. v. Mich. Nurses Ass'n*, 142 F. App'x 843, 845 (6th Cir. 2005)).

That said, the FAA does provide four situations in which a court can vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a).

Here, Plaintiff has failed to show how § 10(a) applies here.[3]  Instead, presumably in an effort to show that the arbitrator was partial to Defendant, he quotes portions of the arbitrator's award where the arbitrator finds that Plaintiff has failed to provide sufficient evidence to survive a motion for summary judgment.[4]  (*See* ECF No. 21 at PageID 81.)

Plaintiff may disagree with the arbitrator's award.  But such disagreement is far from enough to justify vacating the award under § 10(a).  *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 644 (6th Cir. 2005) (citing *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir. 1989), *cert. denied* 495 U.S. 947, 110 (1990) ("[E]vident partiality will be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration.")

The Court thus **DENIES** Plaintiff's motion to vacate the arbitration award in this case.

### C. Plaintiff Has Not Shown Why the Court Should Modify or Correct the Arbitration Award

Finally, the Court finds that Plaintiff has not stated any facts showing why the Court should modify or correct the arbitration award here.

---

[3] In fact, as Defendant notes in its response (*see* ECF No. 25 at PageID 108), Plaintiff does not specify what part of § 10(a) applies in this case.  Furthermore, Plaintiff dedicates the vast majority of his motion relitigating the merits of his Title VII claim.

[4] As an example, Plaintiff writes the following in his motion:

> [T]hird paragraph last sentence the Arbitrator states, "Claimant also produced no evidence to impeach Respondent's claim that it feared losing the customer over this incident." No evidence?! Impossible. I provided so much evidence but keynote number 2 pretty much sums up actually how the Arbitrator really feels, which reads "Respondent disputes that Claimant has produced sufficient evidence to allow a trier of fact to find that he engaged in protected conduct. Because the motion for summary judgment is granted on other grounds, it is unnecessary for the Arbitrator to decide this issue." It is unnecessary[!]

(ECF No. 21 at PageID 81) (quoting ECF No. 25 at PageID 115).

The FAA identifies three situations where a court can modify or correct an arbitration award:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C.A. § 11.

Here, the Court agrees with Defendant that, "[d]espite including the terms 'modify or correct' in the title of his Motion, Plaintiff has not argued any of the enumerated circumstances upon which this Court may modify or correct the [a]ward." (ECF No. 25 at PageID 112.) Or stated otherwise, Plaintiff spends no time arguing how § 11 applies here. So the Court **DENIES** Plaintiff's motion to modify or correct the arbitration award.

## **CONCLUSION**

For the reasons above, the Court **DENIES** Plaintiff's motion to vacate, modify, or correct the arbitration award in this case.

**SO ORDERED**, this 30th day of July, 2020.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE