IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CALVIN MOORE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02537-TLP |
| v. ) | |
| ) | JURY DEMAND |
| POOLCORP/SCP DISTRIBUTION, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO LIFT STAY, CONFIRMING ARBITRATION AWARD, AND DISMISSING CASE WITH PREJUDICE**

Plaintiff sued Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e17, as amended. (ECF No. 1.)

Defendant moved to stay this case pending arbitration. (ECF No. 14.) And the Court granted that motion. (ECF No. 17.)

Arbitration is complete. So Defendant now moves to lift the stay currently in place in this case, to confirm the arbitration award, and to dismiss the case with prejudice. (ECF No. 19.)

In response to Defendant's motion, Plaintiff sent the Court and Defendant an e-mail requesting the Court not to dismiss this case.[1] Defendant filed a reply, explaining that any effort on Plaintiff's part to dispute the arbitration award would be untimely under Section 12 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 12. (ECF No. 20.) Plaintiff then sent the Court and

---

[1] Defendant attached this e-mail to its reply. (*See* ECF No. 20-1.)

Defendant another e-mail requesting an extension of time to request to vacate the arbitrator's decision.[2]

For the reasons below, the Court **GRANTS** Defendant's motion to lift the stay, to confirm the arbitration award, and to dismiss the case with prejudice. The Court thus **ORDERS** the Clerk to lift the stay in this case and **DISMISSES WITH PREJUDICE** Plaintiff's claim against Defendant.

## ANALYSIS

"Section 9 of the Federal Arbitration Act is clear that confirmation is a summary proceeding and the court must confirm the award where the award is not vacated, modified or corrected . . . ." *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 676 (6th Cir. 2005) (citing 9 U.S.C. § 9). "[T]he standard for reviewing arbitration awards 'is one of the narrowest standards of judicial review in all of American jurisprudence.'" *Mich. Family Res., Inc. v. SEIU Local 517M*, 438 F.3d 653, 656 (6th Cir. 2006) (quoting *Tenn. Valley Auth. v. Tenn. Valley Trades & Labor Council*, 184 F.3d 510, 514–15 (6th Cir. 1999).

"A court's review of an Arbitrator's decision is 'strikingly deferential,' and courts review 'only to determine whether the Arbitrator was arguably construing or applying the contract and acting within the scope of his authority.'" *Braganza Assocs., P.C. v. Houck*, No. 10-00049, 2011 WL 4565466, at *1 (W.D. Tenn. Sept. 29, 2011) (quoting *Bixby Med. Ctr., Inc. v. Mich. Nurses Ass'n*, 142 F. App'x 843, 845 (6th Cir. 2005)). "So long as the Arbitrator does not 'commit

---

[2] The Court has appended this e-mail to this order. The Court also notes that Plaintiff did subsequently move to vacate, modify, or correct the arbitrator's award in this case. (*See* ECF No. 21; ECF No. 22; ECF No. 24.) And the Court has denied that motion. (ECF No. 27.)

fraud, have a conflict of interest, or otherwise act dishonestly' a court must uphold the arbitration award." *Id.* (quoting *SEIU Local 517M*, 475 F.3d at 753).

Here, the parties entered into an arbitration agreement by which "the parties mutually agree[d] to submit any and all claims that may arise between [Defendant] and the undersigned applicant/employee/intern that cannot be resolved internally to binding arbitration . . . ."  (ECF No. 19-1 at PageID 59–62.)

After Plaintiff sued Defendant under Title VII of the Civil Rights Act of 1964, that claim promptly went to arbitration.  (*See* ECF No. 19-2; 19-3.)

The arbitrator issued his decision in favor of Defendant on March 16, 2020.  (ECF No. 19-3 at PageID 71.)  And Defendant filed the present motion on June 26, 2020.  (ECF No. 19.)  The Court thus has jurisdiction to issue an order of confirmation.  9 U.S.C. § 9.

The Court **CONFIRMS** the arbitrator's decision in favor of Defendant and **GRANTS** Plaintiff's motion to lift the stay, to confirm the arbitration award, and to dismiss the case with prejudice on June 26, 2020.  (ECF No. 19; ECF No. 19-3.)  The Court thus **ORDERS** the Clerk to lift the stay in this case and **DISMISSES WITH PREJUDICE** Plaintiff's claim against Defendant.

**SO ORDERED**, this 30th day of July, 2020.

                                                      s/Thomas L. Parker
                                                      THOMAS L. PARKER
                                                      UNITED STATES DISTRICT JUDGE